# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6606 | **DATE** | 5/24/2004 |
| **CASE TITLE** | M&R Printing Equipment Inc. vs. Anatol Equipment Manufacturing | | |

**MOTION:**    [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/15/2004 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum Opinion and Order.    Defendants' motion to dismiss [16-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

RO    courtroom deputy's initials

number of notices

MAY 25 2004
date docketed

docketing deputy initials

Document Number

21

U.S. DISTRICT COURT
CLERK
2004 MAY 24 AM 11:34

date mailed notice

mailing deputy initials

Date/time received in central Clerk's Office

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **M&R PRINTING EQUIPMENT, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 03-C-6606 |
| | ) | |
| **ANATOL EQUIPMENT** | ) | |
| **MANUFACTURING CO.**, *et al.,* | ) | **Judge Ruben Castillo** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
MAY 2 6 2004

M&R Printing Equipment, Inc. ("M&R") sued Anatol Equipment Manufacturing Co.,

Anatol Industries Corp., Anatol Automation, Inc., Anatol, Inc., Anatol Enterprises, LLC, Anatol

Topolewski, Kathleen Murphy Topolewski, and Chuck Roberts (collectively "Defendants").

M&R's Amended Complaint alleges patent infringement (count one), inducement of patent

infringement (count two), unfair competition under the Lanham Act (count three), deceptive

trade practices (count four), civil conspiracy (count five), and slander (count six). (R. 12, Am.

Compl.) Presently before the Court is Defendants' motion to dismiss counts three through six of

the Amended Complaint. (R. 16-1.) For the reasons provided below, we deny Defendants'

motion to dismiss.

## LEGAL STANDARDS

A motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), tests the sufficiency

of the complaint, not the merits of the lawsuit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th

Cir. 1990). The Court will accept all well-pleaded facts in the complaint as true and will draw all

reasonable inferences in favor of the plaintiff. *Phelan v. City of Chi.*, 347 F.3d 679, 681 (7th Cir.

2003). We will grant a motion to dismiss only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## ANALYSIS

There are only three relevant facts, which for purposes of a motion to dismiss we accept as true: (1) M&R and Defendants provide products and services to the same clients, (R. 12, Am. Compl. ¶ 21); (2) since September 2003 Defendants, and their employees and agents, have stated to M&R's customers that M&R was in bankruptcy, (*id.* ¶¶ 22-24); and (3) M&R was not and is not in bankruptcy, (*id.* ¶¶ 22-24, 26). On the basis of these three facts, we must determine whether counts three through six state valid claims for relief.

### I. Count III: Lanham Act

Defendants claim that M&R fails to state a Lanham Act claim because M&R's Amended Complaint does not allege that: (1) Defendants made a statement involving a product; (2) the bankruptcy statement actually deceived or had a tendency to deceive a substantial segment of its audience; and (3) the statement was made by Defendants or one of their agents. Defendants' first argument does not justify dismissal because the Lanham Act encompasses more than false statements about products:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or *commercial activities* by another person, or

2

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or ***commercial activities***,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a) (1998) (emphasis added). The Lanham Act applies to false statements that misrepresent the quality of another person's commercial activities, so M&R did not need to allege that Defendants made a false statement about a product. *See Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1266 (10th Cir. 2000) (finding that the defendant's statement that plaintiff was a "corporate agent of Satan" was actionable under the Lanham Act).

Defendants' second and third arguments are non-starters. Pleadings in federal court are sufficient if they provide a defendant with notice of the claims; a complaint does not have to include all operative facts to state a claim. *Scott v. City of Chi.*, 195 F.3d 950, 951 (7th Cir. 1999); *see also Cange v. Stotler & Co.*, 826 F.2d 581, 589 (7th Cir. 1987) (discussing agency allegations). Defendants' assertion that M&R's Amended Complaint fails to allege the bankruptcy statement actually deceived or had a tendency to deceive is unfounded. The Amended Complaint states that: (1) "M&R has received an increasing number of inquiries relating to whether M&R is bankrupt," (R. 12, Am. Compl. ¶ 27); (2) "M&R has been informed of the loss of customers based upon the false impression that M&R is bankrupt," (*id.*); and (3) "Defendants' actions have resulted in actual or probable injury to M&R," (*id.* ¶ 52).

Defendants' assertion that M&R's Amended Complaint does not allege that the statement was made by Defendants or one of their agents is also unfounded.[1] M&R's Amended Complaint

---

[1] We note that Defendants acknowledge that the complaint properly states an agency relationship when they argue that count five, the civil conspiracy claim, should be dismissed

states that: (1) "Defendants represented . . . that M&R was in bankruptcy," (*id.* ¶ 26); (2) Chuck Roberts, "an employee and/or agent of one or more of the Defendants, represented to a customer of one of M&R's distributors, NASDAR, that M&R was in bankruptcy," (*id.* ¶ 22); and (3) "Defendants' own receptionist, 'Christine,' an employee of one or more of the Defendants, stated when questioned that M&R is in bankruptcy," (*id.* ¶ 24). Accordingly, count three properly states a Lanham Act claim.[2]

Finally, Defendants assert, in their reply brief, that M&R's failure to respond to these arguments warrants dismissal of count three. (R. 19, Defs.' Reply.) Although dismissal with prejudice is appropriate in some circumstances, *see Ball v. City of Chicago*, No. 90-C-2331, 1991 WL 152897, at *10 (N.D. Ill. Aug. 1, 1991), it is within the Court's discretion to consider the merits of the motion to dismiss, especially when, as here: (1) the plain language of the Lanham Act establishes that count three states a claim and (2) count three is based on the same limited factual background as the other counts. *See Cosey v. United Airlines, Inc.*, No. 95-C-5067, 1995 WL 708576, at *2 (N.D. Ill. Nov. 30, 1995) (addressing the merits of a motion to dismiss even though plaintiff failed to respond).

---

because principals and agents are legally incapable of conspiring with one another. (R. 20, Defs.' Mot. at 6.) It is surprising, to say the least, that Defendants seek dismissal, on the one hand, of counts three, four, and six because of a lack of an agency relationship and, on the other hand, the dismissal of count five because of the existence of an agency relationship.

[2] The only argument Defendants advance with respect to count six, the slander claim, is that M&R's Amended Complaint fails to connect them to the defamatory statements. We find that count six properly states a claim because, as already discussed, the Complaint sufficiently attributes the defamatory statements to Defendants.

## II. Count Four: Uniform Deceptive Trade Practices Act

Defendants claim that count four, an Illinois Uniform Deceptive Trade Practices Act ("UDTPA") claim, should be dismissed for the same three reasons as count three. The first argument is the only one that warrants further consideration; the last two arguments, as discussed above, are unfounded because M&R's Amended Complaint easily satisfies liberal federal pleading standards. As with count three, Defendants' first argument does not justify dismissal because the UDTPA encompasses more than false statements about products:

> (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:
>
> . . .
>
> (8) disparages the goods, services, or *business* of another by false or misleading representation of fact.

815 Ill. Comp. Stat. Ann. 510/2 (2004) (emphasis added). The UDTPA applies to false statements that disparage another person's business, so M&R did not need to allege that Defendants made a false statement about a product. *See Muzikowski v. Parmount Pictures Corp.*, No. 01-C-6721, 2003 WL 22872117, at *7 (N.D. Ill. Dec. 3, 2003) (stating that the UDTPA applies to statement about another person's goods, services, or business).

Defendants claim that, despite the broad statutory language, the UDTPA does not apply to statements that impugn a business' integrity. In *Crinkley v. Dow Jones & Co.*, 385 N.E.2d 714, 720 (Ill. App. Ct. 1978), the court found that an article stating that the plaintiff paid agents of foreign governments to win contracts was not actionable under the UDTPA because it impugned the plaintiff's integrity, rather than the quality of his services as an executive. *See also Republic Tobacco, L.P. v. N. Atl. Trading Co.*, 254 F. Supp. 2d 985, 998 (N.D. Ill. 2002). Unlike the statement in *Crinkley*, the statement at issue in this case impugns the quality of M&R's

5

business and services. Stating that M&R is bankrupt directly attacks the quality of M&R's business and indirectly undermines the quality of M&R's services—an insolvent company cannot reliably deliver on-going services. *See also Zahran v. Nat'l Guardian Life Ins. Co.*, No. 90-C-907, 1993 WL 116738, at \*3 (N.D. Ill. April 19, 1993) (holding that a false statement about a credit rating is actionable under the UDTPA). Accordingly, we find that count four properly states a UDTPA claim.

### III. Count Five: Civil Conspiracy

Defendants claim that M&R fails to state a civil conspiracy claim because M&R's Amended Complaint: (1) does not allege an agreement; and (2) alleges a conspiracy between a principal and his agent. Turning to their first argument, we note that a claim of civil conspiracy need not be pled with specificity; "[i]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002)). Under this liberal federal pleading standard, M&R has alleged a civil conspiracy: the parties are the defendants, the purpose is to unfairly compete with M&R, and the approximate date is September 2003. M&R's Amended Complaint, while exceedingly terse, provides Defendants with notice of what they are charged with.

Turning to Defendants' second argument, we note that M&R has named five corporate defendants and three individual defendants. Under Illinois law, a civil conspiracy cannot exist between a principal and his agent, but it can exist among corporations. *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 230 (7th Cir. 1984) (relying on *People ex rel. Fahner v. Carriage*

*Way West, Inc.*, 430 N.E.2d 1005 (Ill. 1981)). The presence of five corporate defendants makes dismissal inappropriate. Accordingly, count five properly states a civil conspiracy claim.

## CONCLUSION

For the reasons provided above, we deny Defendants' motion to dismiss in its entirety. (R. 16-1.) This case is hereby set for a status hearing on June 15, 2004 at 9:00 a.m. for the explicit purpose of setting a trial date for this lawsuit.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: May 24, 2004**